ROBERT WISNIEWSKI P.C.
Attorneys for Plaintiffs
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NELSON AGUILAR, et al.

                            Plaintiffs,

                                                                **Docket No.:**
                                                                 **12-cv-00784(AMD)(RML)**

                 -against-

FINE FOODS WHOLESALE DIST. INC. et al.

                            Defendants.
-------------------------------------------------------------------------X

**DECLARATION OF ROBERT WISNIEWSKI, ESQ,
IN SUPPORT OF FEE APPLICATION IN CONNECTION
WITH PLAINTIFFS' MOTION FOR SANCTIONS**

      Robert Wisniewski, an attorney licensed to practice in the State of New York and a member of the Bar of this Court, hereby declares, under penalty of perjury as follows:

      1.     I represent Plaintiffs in this matter. As such, I am fully familiar with the facts and circumstances to the extent set forth below. I make this declaration in support of Plaintiffs' application for attorneys' fees and costs pursuant to this Court's Report and Recommendation on Plaintiffs' motion for sanctions, issued on January 6, 2016, Docket No.: 60 (the "R&R") and orders allowing extensions of time within which to file the instant declaration.

      2.     In its R&R, Magistrate Judge Robert M. Levy allowed Plaintiffs to claim

attorney fees and costs in connection with the preparation and filing of the motion for sanctions which resulted in the R&R, and attorney fees and costs relating to the depositions scheduled for July 28, 2015 and August 12, 2015 that were not completed. *See* Docket No.: 60.

3. Attached herewith as **Exhibit 1** is the invoice detailing time spent by me and paralegals at my firm. The time entries were generated contemporaneously with work performed in this matter.

3. Attached herewith as **Exhibit 2** are my firm's taxable disbursements in this matter.

4. Based on my firm's time and expense records, I am requesting a total of **$18,502.50** in attorneys' fees and **$411.49** in costs, for a total of **$18,913.99**.

5. As mandated by the Supreme Court in **Hensley v Eckerhart**, 461 U.S. 424, 434 (1983), before submitting this fee application, I made a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." I have examined the entries for which fees are sought and declare that these fees are accurate, reasonable, and necessarily incurred for the activities for which I was permitted to seek reimbursement by the R&R. In this regard, I reduced the invoice by more than $8,000.00.

**Introduction**

8. This action was brought for money damages for two classes of claims: violations of the Fair Labor Standards Act and the the New York Labor Law, with concomitant common law claims breach of contract and quantum meruit as well as for Plaintiffs' civil rights under the federal, state and city human rights laws.

9. Discovery in this matter has been extremely difficult owing to Defendants' scorched earth ligitation strategy and contempt for the orders of this Court. As the record reflects, and this Court found, Defendants have been the subject of at least nine motions to compel discovery. Plaintiffs' latest motion for sanctions resulted in this Court's R&R and the partial grant of Plaintiffs' motion. Defendants failed to appeal the R&R to the District Judge.

10. Plaintiffs are submitting the invoice for work during the period June 1, 2015 to February 23, 2016, which covers only those activities that were identified for reimbursement in the R&R.

11. As the invoice reflects, Plaintiffs' saga to depose Defendants Waqas Khan and Shiraz Khan began on June 1, 2015. A lot of time was expended on the effort to reach Defendants' counsel, Mr. Kasper. He was constantly absent from the office and my legal assistants had to leave numerous messages on his voice-mail or communicate with Defendants' counsel's receptionist or secretary who was also sporadically picking up the telephone. Moreover, anything agreed-upon with Mr. Kasper had to be confirmed in writing because in the past Mr. Kasper either disavowed conversations that had taken place or had a different understanding of what was agreed to. This manner of communication resulted in robust correspondence with Mr. Kasper sent by fax or mail, or both.

12. Plaintiffs's efforts to finally pin down Waqas Khan and Shiraz Khan for depositions began with Plaintiffs' July 10, 2015 letter motion to compel them to appear for depositions on dates certain. The motion detailed Plaintiffs' efforts to corrall Defendants' counsel to obtain deposition dates from him and also detailed the eight (8) previous motions to

compel filed in the instant matter.

13. On July 17, 2015, Magistrate Judge Levy held a telephone conference on Plaintiffs' motion during which he forced Defendants to give specific dates on which they and their counsel could appear for depositions. Of the dates given, Plaintiffs chose July 28, 2015 and August 12, 2015. Of course, I had to spend the time to prepare for the depositions of both individuals.

14. On July 28, 2015, Mr. Sheraz Khan walked out of the deposition after less than two hours. In consequence of this behavior, I was asking Mr. Kasper to confirm whether Mr. Waqas Khan would appear for the August 12, 2015 deposition. Mr. Kasper sent out a letter indicating to me that Mr. Waqas Khan would not be attending after I had left the office on August 11, 2015. As a result, Plaintiffs incurred another cost of court reporter as it was too late to call off a deposition in the morning of August 12, 2015.

15. As the invoice reflects, subsequently I drafted and filed a motion for sanctions which resulted in the R&R. In addition, I am seeking reimbursement for preparing the instant declaration and the invoice for the time spent.

**My Qualifications**

16. I am admitted to practice in the State of New York and New Jersey since December, 1993. I am also admitted to practice before the Court of Appeals for the Second Circuit, as well as the District Courts for the Southern, Eastern and Western Districts of New York, as well as the District of New Jersey.

17. In late 1995, I founded my own law firm, which by 1997 was concentrating on the representation of plaintiffs in employment and labor law matters. In the past decade, I

expanded my practice to representing plaintiffs in civil rights violations. My firm consists of myself, an associate, and four experienced paralegals who have litigation experience as paralegals or experience in accounting and/or business administration.

18. About 90% of my practice has been devoted to employment, labor law and civil rights law. I represent employees exclusively and appear on their behalf in courts, before arbitral tribunals and governmental agencies. During this time, I have litigated over two hundred (200) cases, including bench trials and inquests, and have been appointed as class counsel in four cases: *See*, ***Jankowski et al. v. Castaldi et al.*** 2006 WL 118973 at *4 (E.D.N.Y. Jan. 13, 2006) (Feuerstein, J.), ***Niemiec v. Ann Bendick Realty***, 2007 WL 5157027 at *13 (E.D.N.Y. April 23, 2007)(Vitaliano, J.), and ***Gortat v. Capala Brothers, Inc.,*** 2010 WL 1423018 at *8 (E.D.N.Y. April 9, 2010)(Glasser, J.); and ***Bielski v. Danco***, EDNY Doc. No.: 06-cv-6542 (Doc. No. 132, p. 11)(Cogan, J.). In May of 2014, following a three week class action trial in ***Gortat v. Capala Brothers, Inc.***, I obtained a judgement for the class on the underlying wage and hour claims and attorney fees which represented a multiple of the class's recovery, owing to Defendants' truculent conduct in litigation, which judgement was sustained by the 2nd Circuit.

19. On November 4, 2014, the 2nd Circuit sustained my appeal in ***Kroshnyi v. U.S. Pack Courier Services, Inc. et al.*** and returned the case to the SDNY for a second trial on the plaintiffs' NYLL claims which had been dismissed on a motion for summary judgement (the first trial having been held on the Franchise Sales Act).

20. This Court should also take into account the fact that I have taken this case on a contingency fee basis and have undertaken tremendous risk that, even if Plaintiffs are

successful at trial, there will be no recovery or very limited recovery in light of Defendants' clannish behavior, the manner in which they shift assets and liabilities amongst themselves and their companies whenver it suits them, and the manner in which they abuse the Bankruptcy Code by filing petitions for bankruptcy in bad faith. For example, at present Plaintiffs herein have filed a motion to dismiss the bankruptcy petition of Awais Khan as filed in bad faith in the Bankruptcy Court for the Eastern District of New York. More bankruptcy petitions and inter-family asset shifting can be expected after the trial.

21.     Of course, Defendants' scorched earth litigation strategy only increased the risk that my firm has undertaken in representing Plaintiffs. Despite the risks, however, I am privileged to represent Plaintiffs, given the atrocious treatment they received at the hands of Defendants.

22.     As the invoice reflects (see **Exhibit 1**), my time entries on the invoice appear as RJW. In addition to me, there were two legal assistants who peformed work in this case. LA refers to Norma Lopez, who has an associate's degree in paralegal studies from ASA Institute and has nine years' experience as a litigation legal assistant in my law firm. LA3 refers to Dorothy Jankowska, who holds a BS degree in business marketing, has over ten years of managerial responsibilities at financial institutions and has prepared damages calculations and invoices in over one hundred cases at my firm. Ms. Jankowska also testified in several cases in court about the damages calculations that she had prepared.

23.     As regards the rates that I am seeking, the fees at my firm are $450 for myself, $225 for junior to mid-level associates and $125 for paralegals/pre-admission attorneys. These rates are reasonable and have been found as such in cases in both the Southern District and the

Eastern District that I have handled: ***Chapman-Green et al. v. Icahn House West, LLC et al.***, 2013 U.S. Dist. LEXIS 25671 at *7 (SDNY Feb. 21, 2013), ***Leitch et al. v. Holiday Image LLC et al.,*** SDNY Docket 11-cv-6025, Doc. No. 28; ***Tantawy et al v. Creative Food Group HD, LLC et al,*** SDNY Docket No. 14-cv-9265(JMF)(Nov. 12, 2015) Doc. No. 49; ***Czereba v. Home Improvement Experts, Inc.***, EDNY Docket 09-cv-2444(SJF), Doc. No. 31); ***Soltysiuk et al. v. Russell Asch***, Bktcy EDNY Docket 8-12-73903-ast, Doc. No. 41; ***Skrzeczkowski v. Professional Interior Construction***, EDNY, Docket 14-cv-5616-KAM-PK, Doc. No. 23; ***Sair et al. v. All American Van Lines***, EDNY, Docket 14-cv-6766-LDW-AKT, Doc. No. 69-2. At a minimum, I received rates of $350.00 per hour in the Eastern District. The rates requested are reasonable, and are consistent with the prevailing rates for lawyers of reasonable comparable skill, experience, and reputation.

24. My firm's costs of $411.49 are also reasonable and are directly related to the activities identified in the R&R for which I am submitting the instant declaration.

25. I declare that the statements made by me are true and am aware that if any of the statements made herein is intentionally and materially false, I may be subject to the penalty of perjury.

WHEREFORE, Plaintiffs are respectfully requesting that this Court grant their

[no more text on this page]

request and award Plaintiffs **$18,502.50** in attorneys' fees and **$411.49** in costs, for a total of **$18,913.99**.

Dated: New York, NY
February 23, 2016

Respectfully submitted,

_____/s/_____
Robert Wisniewski (RW- 5308)
Attorneys for Plaintiffs
225 Broadway - Suite 1020
New York, New York 10007
(212) 267-2101